SARAH J. PHILLIPS (SBN 118929)
Attorney
P.O. Box 714
Kenwood, CA 95452
Phone: (707) 537-6685

Attorney for Creditor,
MARY HESS and
Creditor's Attorney,
SARAH J. PHILLIPS

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA, SANTA ROSA DIVISION

In re

JAMES ARTHUR THOMPSON

MARYLYNNE ANN THOMPSON

Debtor.

SSN: XXX-XX-2767
SSN: XXX-XX-1620

Case No.: 19-10058

SUPPLEMENTAL BRIEF

TAGGART STANDARD

Hearing: June 22, 2020
Time: 11 am

Creditor, MARY HESS, and her attorney, SARAH J. PHILLIPS, who are respondents in the above-mentioned motion are not registered for ECF and therefore make this file this response on May 27d, 2020 by emailing it to CANB-EMERGENCY-FILINGS@ canb.uscourts.gov and serve this response on attorney Debtors by mailing it to their attorney of record, Thomas P. Kelly III at tomkelly@sonic.net.

February 15, 2020, Attorney Kelly served this MOTION FOR CONTEMPT ("Motion") on Creditor and her attorney. Debtor alleged that Creditor's

1

California State Bar Complaint ("Complaint") against Debtor violated the automatic stay barring efforts to collect Debtor's discharged debt to Creditor. That hearing was continued to allow for discovery and has been re-scheduled for June 22, 2020 at which time the court requested the parties submit supplemental briefs on the Taggart Standard.

**BACKGROUND:** The debt in question is a November 14, 2018 arbitration award for $23,760.00 stemming from Debtor's refusal to reimburse his client, Creditor, fees he over-charged her. The debt was incurred by Debtor in his capacity as Creditor's attorney. After issuance of the arbitration award, Debtor filed for bankruptcy and was granted discharge of the arbitration award debt to Creditor. Creditor then filed the Bar Complaint alleging that Debtor violated California Business and Professions Code Section 6148 (requires compliant written agreement for attorney's fees in excess of $1,000.00) and California Rules of Professional Conduct 4-200 (prohibits unconscionable fees). In the interest of transparency and because Creditor did not contest the bankruptcy discharge order, Creditor informed the Bar that the debt was discharged in bankruptcy. After receiving this Motion, on behalf of Creditor, Creditor offered to withdraw the Bar Complaint. Mr. Kelly, responded: "My client is willing to drop the motion, but will not agree to that until we received correspondence from the State Bar confirming that the complaint is dropped and the case is closed." Creditor then then withdrew the Complaint. The Bar refused to close the case and Debtor's attorney refused to withdraw this Motion.

# LAW

## I. Taggart Standard: Objective Standard for Defense in Motion for Contempt.

The issue in *Taggart v. Lorenzen* 587 US __ (2019) was whether the creditor's subjective beliefs regarding the lawfulness of the alleged contempt are relevant in the determination of liability for contempt. The issue arose in District Court ruling which found civil contempt by the creditor. The District Court applied a "strict liability" standard which ignored subjective beliefs of the creditor. It was appealed to the Ninth Circuit which rejected the "strict liability" standard and applied a subjective standard, overruling the district court. Upon appeal to the U.S. Supreme Court (*Taggart v. Lorenzen* 587 US __ (2019), the court rejected what it called a subjective standard used by the Ninth Circuit and created the objective Taggart Standard: "A court may hold a creditor in civil contempt for violating a discharge order where there is not a 'fair ground of doubt' as to whether the creditor's conduct might be lawful under the discharge order." *Taggart*, 11.

*Taggart* does not change the standard of proof the movant must satisfy; it addresses the kind of evidence that is admissible in proving and defending a motion for contempt. Under the *Taggart objective standard*, subjective beliefs of creditors do not excuse otherwise unlawful violations of court orders and by the same token, subjective beliefs of debtors do not condemn otherwise legal actions of creditors.

## II. Movant's Burden of Proof Continues to Be: "Clear and Convincing Evidence".

The standard of proof of the movant in a motion for contempt is "clear and convincing evidence." *Petroleos Mexicanos v. Crawford Enterprises, Inc.*, 826 F.2d 392, 401 (5th Cir. 1987). "The 'clear and convincing evidence'

3

standard is higher than the 'preponderance of the evidence' standard, common in civil cases, but not as high as 'beyond reasonable doubt.'" *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995) citing *United States v. Rizzo*, 539, 539 F.2d 458, 465, (5th Cir. 1976).

The movant in a civil contempt proceeding bears the burden of establishing three elements with clear and convincing evidence: (1) that a court order was in effect; (2) that the order required certain conduct by the respondent; and (3) that the respondent failed to comply with the court's order. See *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949); Northside Realty, 605 F.2d at 1352.

## II. Defense to Contempt Motion - lack of control,

After the movant has shown a prima facie case, the respondent can successfully defend against it by showing a present inability to comply with the court order.

> "While respondent in the contempt hearing could not attack the enforcement order on the ground that he lacked possession or control of the records at the time the order was issued, he could defend the contempt charge on the ground that he was then unable to comply because he lacked possession or control. *United States v. Rylander*, 460 U.S. 752, 756-757 (1983).

## ARGUMENT

The Taggart Standard is not dispositive of this motion because respondent does not offer the defense that she subjectively believed that filing the Complaint was not a violation of the automatic stay. She has offered the defense that the Bar Complaint does not constitute a collections action which violates the automatic stay and that her withdrawal of the Bar complaint cures any possible violation.

4

Respondent does not contest that the movant has met his burden of proof for the first two elements, that a court order was in effect and that the order required certain conduct by the respondent. The court order (automatic stay) was in effect and the order required certain conduct of the respondent (to refrain from collection of the discharged debt). But respondent contends that movant has not met his burden to proof with clear and convincing evidence that respondent failed to comply with the court order.

I. **Bar Complaint Not Violation of Automatic Stay.**

Movant must prove with "clear and convincing" evidence that the Bar Complaint filed by respondent violated the automatic stay. Movant's only evidence is the last sentence of the Bar complaint from which he infers that the purpose of the Complaint was collections. But by the Taggart Standard, evidence must be objective, not subjective. Inferred intent is subjective evidence and is not admissible under the Taggart Standard.

More compelling, objective evidence is the court precedent set by *In re Wade v. State Bar of Arizona* 948 F.2d 1122 (United States Court of Appeals, Ninth Circuit, 1991) in which the court characterized a Bar Complaint as a disciplinary proceeding and ruled that it is not a violation of a bankruptcy automatic stay order. "The Bar acts as an instrumentality of the Arizona Supreme Court enforcing its police or regulatory power, and therefore the disciplinary proceedings against Wade are excepted from the automatic stay under 11 U.S.C. § 362(b)(4). (In re Wade v. State Bar of Arizona 948 F.2d 1122 (United States Court of Appeals, Ninth Circuit, 1991) (emphasis added).

Movant owed respondent a fiduciary duty because he represented her as her attorney. He was not an ordinary debtor. His conduct goes well beyond merely incurring a debt to respondent. In fact, given the attorney/client relationship of the movant and respondent, movant's failure to refund the fee

overpayment for whatever reason is itself a violation of the California Rules of Professional Conduct. Plus other alleged acts of misconduct were not addressed by the discharged fee arbitration hearing/award, The award merely calculated how much the attorney (movant) overcharged his client (respondent). The fee arbitration award did not address of the other acts of misconduct and award of compensation for those actions.

Movant does not meet his burden of proof with clear and convincing evidence that the respondent failed to comply with the court's order.

## II. Complaint Withdrawn, Now Respondent Lacks Control.

Respondent withdrew the Bar Complaint, but the Bar refused to close the case. Pursuant to *United States v. Rylander* lacking control or possession over the alleged violation of a court order is a valid defense to a contempt motion.

## CONCLUSION

Movant fails to meet his burden of proof with clear and convincing evidence that respondent failed to comply with the court's order and the motion for contempt should be denied.

Furthermore respondent asks the court to award reasonable attorney's fees to the respondent pursuant to 11 U.S.C Section 362 (k)(1). 11 U.S.C Section 362 (k)(1) provides: "Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." Given movant's bad faith purpose of bringing this motion for contempt against respondent to terminate the Bar Complaint brought by respondent, costs incurred by respondent should be recoverable because movant's conduct constitutes an abuse of the

Case: 19-10058    Doc# 47    Filed: 07/06/20    Entered: 07/06/20 14:29:34    Page 6 of 7

stay.  In the alternative, to the respondent as the prevailing party pursuant to F.R.C.P. 54(d).

July 5, 2020                    Respectfully submitted,

*[signature: Sarah Phillips]*

SARAH J. PHILLIPS  FOR
MARY HESS
Respondents